UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No.: 3:18-cr-177 |
| | : | |
| vs. | : | **SENTENCING MEMORANDUM** |
| | : | |
| **JAMES RAPIER,** | : | **JUDGE ROSE** |
| | : | |
| **Defendant.** | : | |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney's Office for the Southern District of Ohio, hereby files the attached sentencing memorandum. This brief is based upon the attached memorandum of points and authorities, the files and records in this case, and any further evidence or argument as may be presented at this defendant's sentencing hearing.

DATED: April 16, 2019

    Respectfully submitted,

    BENJAMIN C. GLASSMAN
    UNITED STATES ATTORNEY

    s/Samee Harden
    SAMEE HARDEN (1005658 DC)
    Assistant United States Attorneys
    Attorneys for Plaintiff
    602 Federal Building
    200 West Second Street
    Dayton, OH 45402
    Telephone: (937) 225-2910
    Fax: (937) 225-2564

**SENTENCING MEMORANDUM**

**I.**

**INTRODUCTION**

On or around February 24, 2018, in the Southern District of Ohio, JAMES RAPIER ("RAPIER") knowingly employed, used, persuaded, induced, enticed, and coerced a thirteen-year-old female child, ("Minor Victim 1" or "MV1") to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions were produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce.

Specifically, on at least one occasion on or around February 24, 2018, RAPIER used MV1 to engage in sexually explicit conduct.  RAPIER used his ZTE cellular telephone to produce images that depicted sexually explicit conduct, and these files depicted child pornography as defined in 18 U.S.C. § 2256(2).

By way of example, on or around February 24, 2018, RAPIER used his ZTE cellular telephone to communicate with MV1.  RAPIER (937-467-3013) sent a message to MV1 (xxx-xxx-4755), which stated, "Now your turn to send your pussy."  MV1 (xxx-xxx-4755) sent a photograph of a vagina approximately four minutes later to RAPIER, along with the message, "Did u get it" [sic].  RAPIER (937-467-3013) responded, "Yes I did does it belong to me[]."

On or around December 10, 2017, in the Southern District of Ohio, RAPIER knowingly employed, used, persuaded, induced, enticed, and coerced a fifteen-year-old female child ("Minor Victim 2" or "MV2") to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions were produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce.

Specifically, on at least one occasion on or around December 10, 2017, RAPIER used MV2 to engage in sexually explicit conduct. RAPIER used his ZTE cellular telephone to produce images that depicted sexually explicit conduct, and these files depicted child pornography as defined in 18 U.S.C. § 2256(2).

By way of example, on or about December 10, 2017, RAPIER used his ZTE cellular telephone to communicate with MV2. RAPIER (937-467-3013) sent a message to MV2 (xxx-xxx-5086), which stated "Mmm ok send pic[.]" Several minutes later, MV2 (xxx-xxx-5086) responded with "Im nerves" "To send you the pick [sp]," then MV2 sent a photograph of a vagina to RAPIER (937-467-3013), followed by "It gets deleted ok" [sic].

All of the child pornography files detailed above were produced while RAPIER was located in the Southern District of Ohio. RAPIER was the sole adult involved in producing the files detailed above. The ZTE cellular telephone RAPIER utilized was manufactured outside the state of Ohio.

At the times RAPIER committed the aforementioned acts, he was required to register as a sex offender.

On or about February 23, 2000, RAPIER was convicted of one count of Gross Sexual Imposition and two counts of Corruption of a Minor, and thus, was classified as a sexually oriented offender by the State of Ohio, Common Pleas Court, Darke County, Ohio, case number 00-CR-12066.

On or about January 3, 2005, RAPIER was convicted of Pandering Obscenity Involving a Minor. Therefore, RAPIER was reclassified as a Habitual Sex Offender by the State of Ohio, Common Pleas Court, Darke County, Ohio, case number 04-CR-13261. Accordingly, RAPIER is

3

required to register with the county sheriff's office once a year, on the anniversary of RAPIER's initial registration date, for twenty years.

Notably, on November 30, 2018, a three-count Information was filed against RAPIER, in the instant case, charging him as follows: Count 1 charged RAPIER with Production of Child Pornography on or about February 24, 2018, in violation of 18 U.S.C. §§ 2251(a) & (e); Count 2 charged RAPIER with Production of Child Pornography on or about December 10, 2017, in violation of 18 U.S.C. §§ 2251(a) & (e); and Count 3 charged RAPIER with Committing a Felony Offense Involving a Minor While Being Required to Register as a Sex Offender, in violation of 18 U.S.C. § 2260A. On January 16, 2019, RAPIER pleaded guilty to the Information, pursuant to a Rule 11(c)(1)(C) plea agreement, which contained a term of 420 months of imprisonment. As such, the United States requests that the Court impose a sentence of 420 months of imprisonment upon this defendant.

## II.
## ARGUMENT

**A.     The Guidelines**

Pretending to be a younger version of himself, RAPIER used his ZTE cellular telephone to send text messages to Minor Victim 1 ("MV1") directing her to produce images of child pornography, by taking sexual explicit photographs of herself and sending said images to RAPIER. (Presentence Investigation Report "PSR" at ¶ 22). RAPIER often threatened to harm or kill himself when MV1 refused to send nude photographs to RAPIER. MV1 claimed to be thirteen-years-old when she communicated with RAPIER.

Regarding Minor Victim 2 ("MV2"), Rapier used his ZTE cellular telephone to send text messages to MV2 directing her to produce images of child pornography, by taking sexual explicit photographs of herself and sending said images to RAPIER. ("PSR" at ¶ 23). MV2 was fifteen-years-old when she communicated with RAPIER.

At all of the aforementioned times, RAPIER was classified as a Habitual Sex Offender and was required by Ohio law to register as a sex offender. (*Id.* at ¶ 63).

Thus, the Presentence Investigation Report correctly calculated the guidelines in this case. (*Id.* at ¶¶ 37-66). As such, RAPIER confronts an advisory guidelines range of 300 to 327 months for Counts 1 and 2; and 120 months for Count 3 (to run consecutive to all other counts). Thus, in conformity with the Rule 11(c)(1)(C) plea agreement, the Presentence Investigation Report recommends a sentence of 420 months of imprisonment.

**B.     The Section 3553(a) Factors**

The Section 3553(a) factors generally support a sentence of 420 months, which is in conformity with the agreed-to Rule 11(c)(1)(C) term of imprisonment by the parties, and is recommended by the Probation Office. The nature and circumstances of this offense demonstrate the need for just punishment and deterrence. RAPIER produced images of child pornography.

RAPIER has an alarming history of sex offenses involving juvenile females. In February 2000, RAPIER was convicted of Gross Sexual Imposition and two counts of Corruption of a Minor, for sexual conduct that he engaged in with an underage family member. (*Id.* at ¶ 62). In January 2005, RAPIER was convicted of Pandering Obscenity Involving a Minor, because while on state probation he continued to possess child pornography, and he chatted with juvenile females on the internet and encouraged them to send him pictures of themselves. (*Id.* at ¶ 63). The nature

5

of these charges warrant his designation as a Habitual Sex Offender, thus requiring him to register once a year for twenty years.

But, more disturbingly, RAPIER lied about his age to the victims in this case. He deliberately misled his victims to believe that he was their peer, in an attempt to lure and coerce them into engaging in sexual explicit conduct, and to produce images of the same. (*Id*. at ¶¶ 15-26).

RAPIER eventually admitted that he produced child pornography, and he has accepted responsibility for his actions in a timely fashion. (*Id*. at ¶ 3).

In aggravation, however, is RAPIER's prior criminal history. While RAPIER only possesses three criminal history points, he was found to be a Repeat and Dangerous Sex Offender, such that he has a Criminal History Category V. A sentence below the recommended sentence of 420 months would not adequately punish RAPIER for his actions and would not appropriately represent the severity of this offense, or deter him (or others) in the future. These circumstances suggest that RAPIER remains a danger to the community and poses a significant risk for recidivist activity. A custodial sentence of 420 months is the agreed-to Rule 11(c)(1)(C) term of imprisonment and will promote respect for the law, afford adequate deterrence, and will protect the public from future crimes by the defendant.

### III.

### CONCLUSION

The agreed-to Rule 11(c)(1)(C) term of 420 months of imprisonment considers all of the above-mentioned factors. For these reasons, the United States agrees that the United States Probation Department's recommended sentence of 420 months of imprisonment, which is the

Rule 11(c)(1)(C) term of imprisonment, is sufficient, but not greater than necessary to meet the goals of sentencing.

s/Samee Harden<br>
SAMEE HARDEN (1005658 DC)<br>
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on defendant's counsel this 16th day of April 2019 via the Court's ECF System.

s/Samee Harden<br>
SAMEE HARDEN (1005658 DC)<br>
Assistant United States Attorney